IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DOUGLAS A. WIELAND,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Lori A. Hendrickson and Sarah Kiewlicz, Trial Attorneys for the U.S. Department of Justice, Tax Division, and the Defendant, Douglas A. Wieland, personally and by counsel, Lisa A. Polansky, hereby submit the following Plea Agreement and Statement of Facts Relevant to Sentencing pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

**Defendant's Obligations:**

The defendant agrees to plead guilty to Counts 2 and 3, charging him with willfully failing to pay his individual income taxes, in violation of 26 U.S.C. § 7203, for calendar years 2015 and 2016, respectively.

**COURT EXHIBIT 1**

### Government's Obligations:

Provided the defendant does nothing inconsistent with accepting responsibility between the date of signing this plea agreement and the date of sentencing, the government will recommend that: 1) the defendant receive the maximum reduction for acceptance of responsibility and 2) the government will recommend a sentence at the low end of the Guidelines range as determined by the Court.

The government agrees not to file or seek any additional charges against the defendant based on conduct now known to the government. At the time of sentencing, the government will move to dismiss the remaining counts of the Indictment.

### Additional Agreements:

The parties stipulate and agree that if the defendant moves to withdraw his guilty plea, entered pursuant to and receiving the benefits of this agreement, and successfully withdraws his plea, either in the district court or on appeal, this agreement will become null and void. If the defendant, at any time after judgment is entered, obtains dismissal, reversal, or remand of the count of conviction for any reason, then this agreement will be null and void. The parties also understand and acknowledge that if either party acts inconsistent with its obligations under this agreement, this breach may provide the other party grounds to unilaterally withdraw from the agreement.

If the plea agreement becomes null and void for any reason, then by this agreement of the parties, the defendant expressly waives any and all claims or rights to have this agreement enforced. In such an event, the defendant also hereby waives any objections, motions, or defenses based upon the statute of limitations or speedy trial

grounds that would limit or restrict the prosecution of the indictment in this case, or institution of counts surrendered pursuant to this agreement.

This agreement is submitted to the Court for its consideration pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

### Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 15 for Counts 2 and 3; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant

was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE

In order to be convicted of a violation of 26 U.S.C. § 7203, the following elements would have to be proven by the government beyond a reasonable doubt:

First, the defendant owed taxes at the end of the calendar year (2015 for Count 2, and 2016 for Count 3);

Second, the defendant failed to timely pay the taxes owed (by April 18, 2016 for Count 2, and by April 18, 2017 for Count 3), as required by Title 26 of the United States Code; and

Third, the defendant acted willfully.

## III. STATUTORY PENALTIES

The maximum statutory penalty for each violation of 26 U.S.C. § 7203 is as follows: not more than 1 year of imprisonment; a fine of not more than $100,000, or both. If incarceration is imposed, a term of not more than 1 year of supervised release may be imposed, a $25 special assessment fee, and restitution as agreed to by the parties in this Plea Agreement. If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV. COLLATERAL CONSEQUENCES

The conviction may further cause the loss of certain civil rights, including, but not limited to, the right to possess a firearm, vote, hold elected office, and sit on a jury.

## V.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's Guidelines computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the government's evidence would be as follows:

WIELAND owned and operated Performance Paving, a company that performed primarily asphalt and concrete related work in the District of Colorado. WIELAND failed to timely file a U.S. Individual Income Tax Return (Form 1040) for tax years 1998 through 2016, and he failed to make any tax payments for tax years 1999 through 2016. At various times, WIELAND took steps to conceal his income and assets to prevent the IRS from seizing his assets, including use of a "warehouse bank," putting the title to his personal residence in the name of a nominee, and cashing checks from customers of Performance Paving.

## VI. SENTENCING COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the Guidelines computations, the recitation below identifies the matters that are in dispute.

A. Tax loss for tax years 2015, 2016 and 2017, for purposes of calculating the advisory sentencing guidelines range:

   a. The government's position is that the tax loss is at least $250,000 but less than $550,000. The appropriate Guideline is §2T1.1 which results in a base offense level of 18. §2T4.1(G);

   b. The defendant's position is that the tax loss is at least $100,000 but less than $250,000. The appropriate Guideline is §2T1.1 which results in a base offense level of 16. §2T4.1(F).

B. There are no victim-related or role-in-offense adjustments.

C. Pursuant to §3E1.1(a) and (b), the defendant should receive the full three-level reduction for acceptance of responsibility.

D. The parties understand that the defendant's criminal history computation is tentative. The Court ultimately determines the criminal history category. The information known to the parties, however, shows that the defendant does not appear to have any prior criminal history. Accordingly, the defendant's criminal history category is estimated to be Category I.

Def. Initials D.W.

E. Assuming the tentative criminal history facts above are accurate, the career offender/criminal livelihood/armed career criminal adjustments do not apply.

F. The guideline range resulting from the defendant's estimated offense level above, and the tentative criminal history category above, is 12-18 months. The guideline range resulting from the government's estimated offense level above, and the tentative criminal history category above, is 18-24 months. However, in order to be as accurate as possible regarding defendant's maximum punishment, with the criminal history category undetermined at this time, the estimated offense level based on the government's tax loss could conceivably result in a range from 18 months (bottom of Category I) to 24 months (the statutory maximum for two misdemeanor counts). §5G1.1(a).

H. Pursuant to §5E1.2, using the government's estimated offense level above, and assuming it is accurate, the fine range would be between $7,500 to $75,000.

I. Pursuant to §5D1.2, if the Court imposes a term of supervised release, that term shall be not more than 1 year.

The parties understand that although the Court will consider the parties' estimates, the Court must make its own determination of the Guidelines range. In doing so, the Court is not bound by the position of any party.

Def. Initials D.W

### Restitution:

The defendant agrees to pay restitution to the IRS for individual income taxes he owes for the tax years 2015, 2016 and 2017. Between the date of the guilty plea hearing and the sentencing hearing, the parties will try to agree on the tax loss amount for each tax year and submit a stipulation to the Court at least 14 days prior to the sentencing hearing. If agreement cannot be reached, each party will submit their position in a sentencing memorandum and to the probation office, and the Court will determine the restitution amount for each tax year during the sentencing hearing.

The defendant understands and agrees that the restitution amount figure does not include interest under 26 U.S.C. § 6601. The defendant agrees that the tax due for the years 2015, 2016 and 2017 is a result of the defendant's fraudulent conduct. The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this plea agreement and

for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability.[1] The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The defendant also agrees to provide the above-described financial information to the probation office.

## VII.   ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date:  9-17-2018

_Douglas A. Wieland_
Douglas A. Wieland
Defendant

---

[1] The defendant has expressed an interest in working with the IRS to resolve tax liabilities for other years. The government will put him in touch with civil IRS personnel, but the government will not have any role, or participate in any way, in that proceeding, and any agreement reached with civil IRS personnel is outside of the terms of this plea agreement.

Date: 9/17/18

_____
Lisa A. Polansky
Attorney for Defendant

Date: 9/20/2018

_____
Lori A. Hendrickson
Sarah Kiewlicz
Trial Attorneys
Department of Justice, Tax Division

Def. Initials _____