## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-00198-RBJ

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     DOUGLAS WIELAND,

      Defendant.

---

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM

---

This memorandum is submitted to oppose the defendant's request for a downward variance to a non-custodial sentence (Doc. 54) and to address the sentencing factors set forth in Title 18 U.S.C. Section 3553. For the reasons discussed below, the government's position is that a sentence of 18 months' imprisonment, one year of supervised release, and an order to pay $166,658 in restitution to the IRS is necessary to promote respect for the law, to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

### UNITED STATES SENTENCING GUIDELINES COMPUTATION

On January 29, 2019, the parties filed a Joint Stipulation agreeing that the tax loss for purposes of the United States Sentencing Guidelines (hereafter "Guidelines" or "U.S.S.G.") was at least $250,000 but less than $550,000. Doc. 53. That tax loss results in a base offense level of 18 pursuant to Guidelines Sections 2T1.1 and 2T4.1(G).

| | | |
|---|---|---|
| Base Offense Level: | 18 | U.S.S.G. §§2T1.1(a)(1); 2T4.1(G) |
| Acceptance of Responsibility: | -3 | U.S.S.G. §3E1 |
| Total Offense Level: | 15 | |

The Total Offense Level of 15, with a Criminal History Category of I, results in a Guidelines range of 18-24 months. The Revised Presentence Report (PSR) agrees with that calculation. Doc. 55, PSR ¶¶ 18-27, 74.

## APPLICABLE LAW

"In sentencing defendants, district courts exercise a guided discretion within a range specified by Congress. As Justice Cardozo wrote, a 'judge . . . is to exercise a discretion informed by tradition, methodized by analogy, disciplined by system, and subordinated to the primordial necessity of order in the social life.'" *United States v. Smart*, 518 F.3d 800, 809 (10th Cir. 2008) (citation omitted).

In considering what sentence to be imposed in any given case, the Court must consider the factors listed in 18 U.S.C. § 3553(a). One of those factors is "the kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines," which are promulgated by the Sentencing Commission. 18 U.S.C. § 3553(a)(4)(A). Although the Sentencing Guidelines have been rendered advisory, according to the Supreme Court in *Gall v. United States*:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. . . . As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly,

after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district court should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. . . . He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall*, 552 U.S. 38, 49-50 (2007) (citations omitted). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). "The sentencing judge, on the other hand, has 'greater familiarity with . . . the individual case and the individual defendant before him than the Commission or the appeals court.'" *Id*. at 109 (*quoting Rita*, 551 U.S. at 357-58).

## **ARGUMENT**

Based on the facts and circumstances of this case, and based on the characteristics of this individual defendant, a Guidelines sentence is necessary to satisfy the mandate of section 3553(a) that the sentence "reflect the seriousness of the

offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

The defendant has persisted in a pattern of failing to file tax returns and failing to pay his taxes for more than two decades. When IRS managed to collect some money by levying his bank account, defendant immediately started cashing his customers' checks so there would be no money in the bank for the IRS to seize. On June 19, 2009, in a courtroom in Adams County, Colorado, defendant admitted to this conduct in sworn testimony during his divorce proceeding, stating, "I go to cash a check somewhere outside the box so the IRS doesn't steal it from my bank."

In fashioning the Sentencing Guidelines, the Sentencing Commission included a Background statement with respect to U.S.S.G. § 2T1.1, which states: "Tax offenses, in and of themselves, are serious offenses; however, a greater tax loss is obviously more harmful to the treasury and more serious than a smaller one with otherwise similar characteristics. Furthermore, as the potential benefit from the offense increases, the sanction necessary to deter also increases." Background comment to U.S.S.G. § 2T1.1.

In this case, as with most criminal tax cases, a primary goal of sentencing is to provide deterrence, in order that other small business owners are less likely to commit tax crimes. In *United States v. Engle*, 592 F.3d 495, 505 (4th Cir. 2010), the Fourth Circuit vacated a probationary sentence in a tax case and remanded, based in part on the trial court's failure to consider the relevant policy statements and found that "the district court committed significant procedural error by minimizing the seriousness of

[defendant's] conduct . . . ." The Court pointed to particular policy statements made by the Sentencing Commission and noted that "[t]he policy statements . . . reflect the Commission's view that general deterrence – that is, deterring those other than the defendant from committing the crime – should be a primary consideration when sentencing in tax cases." *Id*. at 501.

> The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's tax system. Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws. Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

*Id.* at 501-502 (quoting U.S.S.G. Ch. 2, Pt. T, introductory cmt. (1998)). "The policy statements likewise make it clear that the Commission believes that there must be a real risk of actual incarceration for the Guidelines to have a significant deterrent effect in tax evasion cases." *Engle*, 592 F.3d at 502. As stated in the PSR, "[s]ince the applicable guideline range is in Zone D of the Sentencing Table, the defendant is ineligible for probation. USSG §5B1.1, comment.(n.2)." PSR ¶ 82. Accordingly, a custodial sentence is required to ensure the defendant timely files and pays his taxes.

## RESTITUTION

Defendant should be ordered to pay restitution to the IRS in the amount of $166,638, which constitutes income tax due for tax years 2015, 2016 and 2017. On

January 29, 2019, the parties filed a Joint Stipulation setting forth defendant's restitution

obligation in the table below:

| Tax year | Unreported Taxable Income | Tax Due |
|----------|---------------------------|---------|
| 2015 | $204,825 | $42,250 |
| 2016 | $320,420 | $83,284 |
| 2017 | $134,927 | $41,124 |
| Total | $660,172 | $166,658 |

Doc. 53. To assist the clerk of courts in processing restitution payments, the

government requests the Court include the IRS's centralized location for collection of

restitution payments in the judgment:

> IRS - RACS
> Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that this

Court impose a sentence of 18 months in prison, one year of supervised release, and

payment of restitution of $166,638 to the IRS. The government is not recommending a

fine because the defendant's focus should be on paying his restitution obligation.

> RICHARD E. ZUCKERMAN
> Principal Deputy Assistant Attorney General
> Tax Division

Dated: February 6, 2019

> By: s/*Lori A. Hendrickson*
> LORI A. HENDRICKSON
> Trial Attorney
> U.S. Dept. of Justice, Tax Division
> P.O. Box 972
> Tel: (202) 514-2174
> Fax: (202) 514-9623
> Lori.A.Hendrickson@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

> s/*Lori A. Hendrickson*
> LORI A. HENDRICKSON
> Trial Attorney
> U.S. Dept. of Justice, Tax Division
> P.O. Box 972
> Tel: (202) 514-2174
> Fax: (202) 514-9623
> Lori.A.Hendrickson@usdoj.gov